# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK DOLBIN, | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:16-0682 |
| v. | : |
| | : (Judge Mannion) |
| Warden, Allenwood Low Security, | : |
| | : |
| Respondent | : |

## **MEMORANDUM**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, filed by Petitioner, Mark Dolbin, an inmate currently incarcerated in the Low Security Correctional Institution, Allenwood, Pennsylvania. Preliminary review of the petition has been undertaken, see 28 U.S.C. §2243; see also, R. Governing §2254 Cases R.4[1] and, for the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing §2254 Cases R. 4. These rules are applicable to petitions under 28 U.S.C. §2241 in the discretion of the court. Id. at R.1(b).

**I. Background**

Petitioner states that he was indicted on May 14, 2003, for conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine, as well as distribution and possession with intent to distribute 500 grams or more of methamphetamine. (Doc. 1). The indictment was subsequently amended multiple times to include the charges of possession of firearms by an armed career criminal, obstruction of justice, and forfeiture, resulting in the fourth and final superseding indictment being filed on August 4, 2004. Id.

On March 10, 2005, the jury returned a verdict against Dolbin on four counts: conspiracy to distribute and possess with intent to distribute methamphetamine; distribution and possession with intent to distribute methamphetamine; possession of firearms by a convicted felon; and obstruction of justice. Id.

On July 25, 2005, Dolbin was sentenced to life in prison. Id. Dolbin successfully appealed that sentence and was re-sentenced to 240 months in prison on August 31, 2007. Id.

On December 9, 2008, Dolbin filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Id.

By Memorandum and Order dated May 11, 2010, Petitioner's 2255 motion was denied without a hearing. Id.

On June 28, 2010, Dolbin appealed the denial of his §2255 motion. Id. On January 13, 2012, the United States Court of Appeals for the Third Circuit affirmed the denial of Petitioner's §2255 motion. See United States v. Dolbin, No. 10-2941 (3rd Cir. Jan. 13, 2012).

On April 25, 2016, Dolbin filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, seeking relief based on the following:

> On January 27, 2014, the Supreme Court made a "substantive" change to 21 U.S.C. § 841(b), and how it applies to 21 U.S.C. §§ 846 and 841(a)(1) which was not available to the petitioner at the time of his conviction, appeal or 28 U.S.C. §2255 motion. This "substantive" change was due to the re-interpretation of 21 U.S.C. §841(b), in Burrage v. United States, 571 U.S. ——, 134 S.Ct. 881, —— L.Ed.2d ——, 187 L.Ed. 715 (2014). And this "substantive" change directly affects the petitioner's sentence, as it makes the former sentencing factors in 21 U.S.C. §841(b), elements of the offense in 21 U.S.C. §§846 and 841(a)(1).

(Doc. 1 at 3).

## II.   **DISCUSSION**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e).

3

Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95,

97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

It is apparent that Dolbin's petition is not viable under 28 U.S.C. §2241,

as he is once again trying to challenge his conviction and sentence. However, to the extent that he is attempting to rely on case law not previously available to him, *i.e.,* Burrage, he is first required to request permission from the Third Circuit for leave to file a successive petition. See 28 U.S.C. §2255(h). While the record reveals that Dolbin has already filed a §2255 motion on other grounds, there is no indication in the petition that he has attempted to obtain the requisite authorization to raise the Burrage claim. As such, the petition will be dismissed for lack of jurisdiction. See Dixon v. Schuylkill, 2015 WL 871828, slip op. at *3 (M.D. Pa. Feb. 27, 2015) (Kosik, J) (dismissing habeas petition where petitioner relies upon Burrage, but failed to first seek permission from the appropriate circuit court to file a second or successive motion pursuant to §2255). See also Martinez v. Oddo, 2015 WL 4557405 at *3 (M.D. Pa. Jul. 28, 2015) (Brann, J.) (same); Wall v. Holt, 2014 WL 6769947 at *4 (M.D. Pa. Dec. 1, 2014) (Kosik, J.) (reasoning that "where a petitioner is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision[,]" he "simply cannot by-pass the requirements of §2255 and pursue a §2241 habeas petition" raising Burrage claim without first seeking leave to file a successive §2255 motion with the court of appeals). As such, in the absence of an order

6

authorizing the filing of this second or successive petition, this Court lacks jurisdiction to entertain it.

### III. <u>Certificate of Appealability</u>

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, –––U.S. ––––, ––––, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

         s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

**Dated:   May 31, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0682-01.wpd