UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK DOLBIN, :

      Petitioner :

                               CIVIL ACTION NO. 3:16-0682

  v. :

                               (Judge Mannion)

Warden, Allenwood :
Low Security,

                        :

      Respondent

## MEMORANDUM

### I. Background

On April 25, 2016, Petitioner, Mark Dolbin, an inmate currently incarcerated in the Low Security Correctional Institution, Allenwood, Pennsylvania, filed the above captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

He states that he was indicted on May 14, 2003, for conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine, as well as distribution and possession with intent to distribute 500 grams or more of methamphetamine. (Doc. 1). The indictment was subsequently amended multiple times to include the charges of possession of firearms by an armed career criminal, obstruction of justice,

and forfeiture, resulting in the fourth and final superseding indictment being filed on August 4, 2004. Id.

On March 10, 2005, the jury returned a verdict against Dolbin on four counts: conspiracy to distribute and possess with intent to distribute methamphetamine; distribution and possession with intent to distribute methamphetamine; possession of firearms by a convicted felon; and obstruction of justice. Id.

On July 25, 2005, Dolbin was sentenced to life in prison. Id. Dolbin successfully appealed that sentence and was re-sentenced to 240 months in prison on August 31, 2007. Id.

On December 9, 2008, Dolbin filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Id.

By Memorandum and Order dated May 11, 2010, Petitioner's 2255 motion was denied without a hearing. Id.

On June 28, 2010, Dolbin appealed the denial of his §2255 motion. Id. On January 13, 2012, the United States Court of Appeals for the Third Circuit affirmed the denial of Petitioner's §2255 motion. See United States v. Dolbin, No. 10-2941 (3rd Cir. Jan. 13, 2012).

2

On April 25, 2016, Dolbin filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, seeking relief based on the following:

> On January 27, 2014, the Supreme Court made a "substantive" change to 21 U.S.C. §841(b), and how it applies to 21 U.S.C. §§846 and 841(a)(1) which was not available to the petitioner at the time of his conviction, appeal or 28 U.S.C. §2255 motion. This "substantive" change was due to the re-interpretation of 21 U.S.C. §841(b), in Burrage v. United States, 571 U.S. ——, 134 S.Ct. 881, —— L.Ed.2d ——, 187 L.Ed. 715 (2014). And this "substantive" change directly affects the petitioner's sentence, as it makes the former sentencing factors in 21 U.S.C. §841(b), elements of the offense in 21 U.S.C. §§846 and 841(a)(1).

(Doc. 1 at 3).

By Memorandum and Order dated May 31, 2016, Dolbin's petition was dismissed for lack of jurisdiction and his case was closed. (Docs. 3, 4). Presently before the Court is Petitioner's motion for reconsideration of this Court's May 31, 2016 Memorandum and Order. (Doc. 9). For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

## II. **DISCUSSION**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly

3

discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99

F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the Court's May 31, 2016, Memorandum and Order reveals the following with respect to this Court's jurisdiction over Petitioner's habeas petition:

> It is apparent that Dolbin's petition is not viable under 28 U.S.C. §2241, as he is once again trying to challenge his conviction and sentence. However, to the extent that he is attempting to rely on case law not previously available to him, *i.e.,* Burrage, he is first required to request permission from the Third Circuit for leave to file a successive petition. See 28 U.S.C. §2255(h). While the record reveals that Dolbin has already filed a §2255 motion on other grounds, there is no indication in the petition that he has attempted to obtain the requisite authorization to raise the Burrage claim. As such, the petition will be dismissed for lack of jurisdiction. See Dixon v. Schuylkill, 2015 WL 871828, slip op. at *3 (M.D. Pa. Feb. 27, 2015) (Kosik, J) (dismissing habeas petition where petitioner relies upon Burrage, but failed to first seek permission from the appropriate circuit court to file a second or successive motion pursuant to §2255). See also

5

Martinez v. Oddo, 2015 WL 4557405 at \*3 (M.D. Pa. Jul. 28, 2015) (Brann, J.) (same); Wall v. Holt, 2014 WL 6769947 at \*4 (M.D. Pa. Dec. 1, 2014) (Kosik, J.) (reasoning that "where a petitioner is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision[,]" he "simply cannot by-pass the requirements of §2255 and pursue a §2241 habeas petition" raising a Burrage claim without first seeking leave to file a successive §2255 motion with the court of appeals). As such, in the absence of an order authorizing the filing of this second or successive petition, this Court lacks jurisdiction to entertain it.

(Doc. 3, Memorandum at 5-7).

Petitioner argues in his motion for reconsideration that this Court's May 31, 2016, Memorandum and Order should be reconsidered on the basis of Judge Rambo's decision in Garner v. Warden FCI-Schuylkill, Civil No. 1:15-cv-0130-SHR, 2015 WL 539840 (M.D. Pa. Feb. 10, 2015) (Rambo, J.), in which Petitioner claims that "Judge Rambo granted Garner's §2241 petition after she established that there was a fundamental defect presented in Burrage v. United States, 134 S.Ct. 881" and "believed that the saving clause applied and granted Garner's §2241 petition." (Doc. 9).

Petitioner's reliance on Garner is misplaced.

In Garner, on January 22, 2015, Magistrate Judge Carlson issued a reported and recommendation recommending the following:

6

> In sum, Garner invites this Court under the guise of a habeas petition to do something which the sentencing court must do, and set aside his conviction due to an alleged sentencing error. We should decline this invitation, given that Garner has made no showing that §2255 is inadequate or ineffective to test the legality of his conviction, and that the remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, this Court should either dismiss this petition without prejudice or transfer this petition to the Northern District of Ohio pursuant to 28 U.S.C. §1404, so that court may address these claims.

Id. Judge Rambo adopted the report and recommendation of the magistrate judge and transferred Garner's petition to the sentencing court pursuant to 28 U.S.C. §1404. Id. As such, Petitioner presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Dolbin's petition was entitled to dismissal.[1] Accordingly, this Court finds that its Memorandum and Order of May 31, 2016, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the

---

[1]To the extent that Petitioner believes his petition should have been transferred to the sentencing court, Petitioner was not entitled to a transfer. As this Court's May 31, 2016 Memorandum reflected, Petitioner has already filed a §2255 motion and now is in need of permission from the United States Court of Appeals for the Third Circuit to file a second or successive petition.

7

motion for reconsideration will be denied. An appropriate order shall follow.

                                                s/ *Malachy E. Mannion*
                                                **MALACHY E. MANNION**
                                                **United States District Judge**

**Dated:   October 17, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0682-02.wpd